# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| TIMOTHY DAVIS<br>Columbus, Ohio 43215<br><br>　　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br><br>CITY OF COLUMBUS,<br>c/o Columbus City Attorney<br>77 North Front Street<br>Columbus, Ohio 43215<br><br>　　　　　And<br><br>OFFICER JOSEPH BOGARD<br>c/o Columbus Police Department<br>120 Marconi Blvd<br>Columbus, Ohio 43215<br><br>　　　　　And<br><br>OFFICER MATTHEW BAKER<br>c/o Columbus Police Department<br>120 Marconi Blvd<br>Columbus, Ohio 43215<br><br>　　　　　And<br><br>OTHER UNKNOWN OFFICERS<br>c/o Columbus Police Department<br>120 Marconi Blvd<br>Columbus, Ohio 43215<br><br>　　　　　　　　　　　　Defendants. | **Case No:**<br><br><br><br>**Judge:**<br><br>**Magistrate Judge:**<br><br>　　　　**COMPLAINT**<br>　　　　Jury Trial Demanded |

Plaintiff, Timothy Davis, for his complaint against the defendants, alleges as follows:

## Introduction

**1.** This is a civil rights action. On September 1, 2017, Timothy Davis, a 31-year-old Black man, was shopping in a convenience store in the 1600 block of East Livingstone Avenue in Columbus Ohio, when approached by defendant officers. The defendant officers then physically beat and verbally abused Timothy Davis without lawful justification. Timothy Davis presented no threat to the Defendant Officers or to anyone else.

**2.** The unconstitutional policies and practices of the City of Columbus Police Department result in the unjustified use of excessive force against people of color, including Timothy Davis. The City of Columbus is therefore also liable for injuries sustained by Timothy Davis.

## Jurisdiction and Venue

**3.** The Jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C §1983 et seq; the Judicial Code, §§1331 and 1343(a); and the Constitution of the United States.

**4.** Supplemental jurisdiction over the related state law claims is invoked pursuant to 28 U.S.C. §1367.

**5.** Venue is proper in this District under 28 U.S.C. § 1391(b). The parties reside, or, at the time the events took place, resided in this judicial district, and the events giving rise to plaintiff's claims also occurred in this judicial district.

## Parties

**6.** The Plaintiff, Timothy Davis, is a resident of Columbus, Ohio.

**7.** Defendant Officers Joseph Bogard and Matthew Baker were, at all times relevant

to the allegations made in this complaint, duly appointed police officers employed by the City of Columbus, acting within the scope of their employment with the City of Columbus and under the color of state law. They are sued in their individual capacity.

8. The Unknown Defendant Officers were, at all times relevant to the allegations made in this complaint, duly appointed police officers employed by the City of Columbus, acting within the scope of their employment with the City of Columbus and under the color of state law. They are sued in their individual capacity.

9. Defendant City of Columbus, a municipality duly incorporated under the laws of the State of Ohio, is the employer and principal of Defendant Officers Joseph Bogard, Matthew Baker and the Unknown Defendant Officers. The City of Columbus is responsible for the policies, practices and customs of its Police Department.

## Facts

10. On September 1, 2017, at approximately 5:45 p.m., Timothy Davis was shopping in a convenience store in the 1600 block of East Livingstone Avenue in Columbus Ohio, when one or more of the Defendant Officers approached him.

11. The Defendant Officers, including Defendant Matthew Baker, without cause or provocation tased and seized hold of Timothy Davis and began to brutally punch, kick, beat and verbally abuse him with profanities and/or failed to intervene to prevent this abuse.

12. During the beating Timothy Davis painfully cried: "What did I do?" The reply given by one of the Defendant Officers was: "Tase the motherfucker."

13. As the beating of Timothy Davis was happening two or more of the Defendant Officers positioned their bodies to screen their fellow officers' excessive use of force against Timothy Davis from witnesses, attempting to give their fellow officers conspiratorial anonymity

in which to continue their use of excessive force against Timothy Davis.

14. Defendant Officer Bogard said the following:

   a. About the beating that his fellow officers gave to Timothy Davis: "What did we tase him for? Why didn't we just choke the fucking life out of him?" A fellow officer responds: "I think they did for a while. They were really throwing punches." Defendant Officer's Bogard's replies: "Good. Good."

   b. About Timothy Davis' plea that he could not breath: "I'm a little aroused at this Davis. Just so you know."

   c. About how he would personally have handled Timothy Davis: "You have to choke him. You can't, there's no 'ok I'm going to arm bar you to the ground. Stop resisting sir.' No, I'm going to, for real, arm bar you and then when that still doesn't work, I'm going to choke the life out of you. And then while you're drooling on yourself, I'll handcuff you."

15. As the beating was being administered to Timothy Davis he was naked, semi-conscious, then unconscious. In these conditions, he was further abused by the Defendant Officers.

16. Timothy sustained permanent and severe physical and psychological injuries as a result of the actions of the Defendant Officers.

17. Defendant Officers Bogard, Baker and the Unidentified Defendant Officers jointly agreed and/or conspired with one another to prepare false, misleading, and incomplete official reports and to give a false, incomplete, and misleading versions of the events to their superiors and to the public. In order to cover up their misconduct, they falsely claimed that Timothy Davis placed one or more of them in imminent fear of bodily harm.

18. A spokesman for the Columbus Police Department defended the beating of brutal Timothy Davis stating, "We are allowed to punch and we are allowed to kick."

19. The actions of the Defendants, as alleged in this complaint, were taken jointly, in concert, and with shared intent and, therefore, constitute a continuing civil conspiracy under the

4

United States Constitution and Ohio State law.

## Claim I
### 42 U.S.C. § 1983 Claim for Unconstitutional Seizure

20.     Plaintiff repeats and realleges the allegations contained in the preceding paragraphs of this complaint and includes them in this count as if they were fully set out here.

21.     The actions of Defendant Officers Bogard, Baker and the Unidentified Defendant Officers, as alleged in the preceding paragraphs, violated Timothy Davis's rights under the Fourth Amendment to the United States Constitution to be secure in his person against unreasonable seizure, and his right to due process under the Fourteenth Amendment to the United States Constitution, and caused the injuries alleged in this complaint.

22.     The actions of Defendant Officers Bogard, Baker and the Unidentified Defendant Officers as alleged in this count of the complaint were the direct and proximate cause of the constitutional violations set forth above and of Timothy Davis's injuries.

## Claim 2
### 42 U.S.C. § 1983 *Monell* Policy Claim Against Defendant City of Columbus

23.     Plaintiff repeats and realleges the allegations contained in the preceding paragraphs of this complaint and includes them in this count as if they were fully set out here.

24.     The actions of Defendant Officers Bogard, Baker and the Unidentified Defendant Officers, as alleged in this complaint, were taken under the authority of one or more interrelated *de facto* policies, practices and/or customs of the City of Columbus and its police department.

25.     In 1999, the United States government sued[1] the City of Columbus under 42 U.S.C. § 14141 to remedy a pattern or practice of misconduct by law enforcement officers of the Columbus, Ohio Division of Police that deprives persons of rights, privileges, or immunities

---

1   The complaint is at: https://www.justice.gov/crt/complaint-us-v-city-columbus-ohio

secured or protected by the Constitution or laws of the United States. After conducting a civil investigation of the City of Columbus Police Department, the United States Department of Justice had found that the City of Columbus engaged in a pattern or practice of subjecting individuals to excessive force, false arrests and charges, and improper searches and seizures, that the City tolerated this conduct through its failure to adequately train, supervise, and monitor police officers, and its failure to adequately accept citizen complaints of misconduct, investigate alleged misconduct, and discipline officers who are guilty of misconduct; and that victims of this unconstitutional pattern and practice "frequently are African American."

26. Seventeen years after the United States sued the City of Columbus to remedy this pattern or practice of subjecting individuals to excessive force, false arrests and charges, and improper searches and seizures, the unconstitutional conduct of the City of Columbus Police Department towards civilians, particularly African-Americans, has not changed.

27. At all times material to the allegations contained in this complaint, the City of Columbus and its police department had interrelated *de facto* policies, practices, and customs which included, among other things:

> a) the failure to properly hire, train, supervise, discipline, transfer, monitor, counsel and/or otherwise control police officers who commit acts of excessive force;
>
> b) the police code of silence;
>
> c) the encouragement of excessive and unreasonable force;
>
> d) the failure to properly investigate the use of excessive and unreasonable force against civilians, particularly African-Americans, by City of Columbus police officers;
>
> e) the failure to properly discipline, supervise, monitor, counsel and otherwise control City of Columbus police officers who engage in unjustified use of excessive and unreasonable force; and/or

      f) the failure to properly train and supervise City of Columbus police officers with regard to discharging their weapons at civilians, particularly at African-Americans;

**28.** The policy, practice, and custom of a police code of silence results in police officers refusing to report instances of police misconduct of which they are aware, including the use of excessive and unreasonable force and the unjustified discharge of an officer's weapon, despite their obligation under police regulations to do so, and also includes police officers either remaining silent or giving false and misleading information during official investigations in order to protect themselves or fellow officers from internal discipline, civil liability or criminal charges, in cases where they and their fellow officers have used excessive force and/or engaged in unjustified shootings of civilians.

**29.** The *de facto* policies, practices and customs of failing to hire, train, supervise, monitor, discipline, transfer, counsel and/or control police misconduct and the code of silence are interrelated and exacerbate the effects of each other, to institutionalize police lying and immunize police officers from discipline.

**30.** That the unconstitutional actions of the defendants as alleged in this complaint were part and parcel of a widespread municipal policy, practice and custom is further established by the involvement in, and ratification of, these acts by municipal supervisors and policy makers, as well as by a wide range of other police officials, officers, and divisions of the Department.

**31.** The policies, practices and/or customs alleged in this complaint, separately and together, are the proximate cause of the injury to Timothy Davis, because Defendants had good reason to believe that their misconduct would not be revealed or reported by fellow officers or their supervisors, that their false, incomplete, and misleading reports would go unchallenged by

these supervisors and fellow officers and that they were immune from disciplinary action, thereby protecting them from the consequences of their unconstitutional conduct.

32. This belief is illustrated by the Defendant officers' unrestrained use of force against Timothy Davis in spite of their awareness that their actions were being videotaped by witnesses.

33. But for the belief that they would be protected, both by fellow officers and by the City of Columbus, from serious consequences, Defendant Officers Bogard, Bakerand the Unidentified Defendant Officers would not have engaged in the conduct that resulted in the injuries to Timothy Davis.

34. The interrelated policies, practices and customs, as alleged in this complaint, individually and together, were maintained and implemented with deliberate indifference, and encouraged the Defendant officers to commit the acts alleged in this complaint against Timothy Davis; they, therefore, are the moving forces behind, and the direct and proximate causes of, the injuries to Timothy Davis.

35. Additionally, the failure to properly hire, train, supervise, discipline, monitor, control, and/or counsel the Defendant officers was also done with deliberate indifference and likewise acted as a direct and proximate cause of the injuries to Timothy Davis.

36. Among other things, the policies, practices and customs alleged in this complaint encouraged the use of excessive and unreasonable force, other police misconduct, the fabrication of evidence, the intimidation of witnesses, the making of false, incorrect and misleading statements and reports, and the maintenance of a code of silence. These policies, practices and customs, therefore, are the moving forces behind, and the direct and proximate causes of, the unconstitutional acts committed by the Defendants in this case and the injuries to Timothy Davis.

### Claim 3
### State Common Law Claim for Civil Conspiracy

37.     Plaintiff repeats and realleges the allegations contained in the preceding paragraphs of this complaint and includes them in this count as if they were fully set out here.

38.     Defendant Officer Bogard, Baker and the Unidentified Defendant Officers, together with their unsued co-conspirators, reached an understanding, engaged and continue to engage in a course of conduct, and otherwise jointly acted and/or conspired among and between themselves to unreasonably stop, seize, assault and batter Timothy Davis in violation of his constitutional rights, complete false, inaccurate, and misleading reports, and to make false statements to superior officers in order to conceal their wrongdoing.

39.     In furtherance of this conspiracy or conspiracies, the Defendant Officers committed the overt acts alleged in this complaint.

40.     These conspiracies are continuing.

### Claim 4
### State Law Claim for Willful, Wanton and Reckless Conduct

41.     Plaintiff repeats and realleges the allegations contained in the preceding paragraphs of this complaint and includes them in this count as if they were fully set out here.

42.     Defendant Officer Bogard, Baker and the Unidentified Defendant Officers failed to exercise due care and acted in a willful, wanton and reckless manner while engaged in police functions and activities that culminated in the injuries to Timothy Davis.

43.     This reckless, wanton and willful conduct proximately caused the injuries to Timothy Davis.

44.     As a direct and proximate result of the misconduct of Defendant Officer Bogard and the Unidentified Defendant Officers, Timothy Davis suffered and continues to suffer injuries

and damages.

## Claim 5
## State Law Claim for Assault and Battery

45. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs of this complaint and includes them in this count as if they were fully set out here.

46. The actions of Defendant Officers Bogard, Baker and the Unidentified Defendant Officers created in Timothy Davis the apprehension of an imminent, harmful, and offensive touching and constituted a harmful touching, both without legal justification.

## PRAYER FOR RELIEF

The Plaintiff Timothy Davis demands that judgment be entered in his favor on all counts and prays the court to award the following relief:

47. An award of actual or compensatory damages against Defendant Officers Bogard, Baker and the Unidentified Defendant Officers, plus the costs of this action, and attorney's fees; and

48. An award of actual or compensatory damages against Defendant City of Columbus, plus the costs of this action, and attorney's fees; and

49. An award of punitive damages against Defendant Officers Bogard, Baker and the Unidentified Defendant Officers; and

50. An award of declaratory and injunctive relief against Defendant City of Columbus enjoining policies, practices and customs shown to encourage the use of excessive and unreasonable force against civilians, particularly African-Americans, and ordering the implementation of specified policies; and

51. An award of such other and further relief as the Court may deem just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

    Respectfully Submitted,

    /s/ *Jacqueline C. Greene*
    One of the attorneys for Timothy Davis

    Andrew M. Stroth
    Carlton Odim
    Action Injury Law Group, LLC
    191 N. Wacker Drive, Suite 2300
    Chicago, Illinois 60606
    (312) 771-2444
    astroth@actioninjurylawgroup.com
    carlton@actioninjurylawgroup.com

    Jacqueline C. Greene (0092733)
    Terry H. Gilbert (0021948)
    Sarah Gelsomino (0084340)
    FRIEDMAN AND GILBERT
    55 Public Square, Suite 1055
    Cleveland, Ohio 44113
    t: (216) 241-1430
    f: (216) 621-0427
    sgelsomino@f-glaw.com
    tgilbert@f-glaw.com
    jgreene@f-glaw.com

    *ATTORNEYS FOR PLAINTIFF*