UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **TIMOTHY DAVIS,** | : | Case No. 2:17-cv-00823 |
| c/o Gerhardstein & Branch Co. LPA | : | |
| 441 Vine Street, Suite 3400 | : | |
| Cincinnati, OH 45202 | : | Judge: Algenon Marbley |
| | : | |
| **PLAINTIFF** | : | |
| | : | Magistrate: |
| vs. | : | |
| | : | |
| | : | |
| **CITY OF COLUMBUS, OHIO** | : | **AMENDED COMPLAINT AND** |
| 77 North Front Street | : | **JURY DEMAND** |
| Columbus, OH 43215 | : | |
| | : | |
| and | : | |
| | : | |
| **MATTHEW BAKER** | : | |
| **JOSEPH BOGARD** | : | |
| **LEVON MOREFIELD** | : | |
| **ANTHONY JOHNSON** | : | |
| **ROBERT REFFITT** | : | |
| **SEAN CONNAIR** | : | |
| **ERIC EVERHART** | : | |
| **JOHN DOES 1-5** | : | |
| c/o Columbus Police Department | : | |
| 120 Marconi Boulevard | : | |
| Columbus, OH 43215 | : | |
| *Individually and in their official* | : | |
| *capacities as police officers of the City* | : | |
| *of Columbus,* | : | |
| | : | |
| | : | |
| **DEFENDANTS.** | : | |
| | : | |

1

## I. PRELIMINARY STATEMENT

1. This civil rights action challenges the brutal beating of Timothy Davis, a black male, by Defendants Columbus Police officers. On September 1, 2017, as Mr. Davis was leaving a convenience store, Defendant officers verbally abused, punched, kicked, pulled his hair out, and stripped Mr. Davis naked from the waist down. Defendants then failed to provide appropriate medical care to him, leaving him seriously injured. Mr. Davis brings this action seeking fair compensation, and reforms at the Columbus Police Department in order to prevent the use of excessive force and inadequate medical care to civilians in the future.

## II. JURISDICTION AND VENUE

2. Jurisdiction over claims arising from Defendants' violation of the Civil Rights Act is conferred upon this Court by 28 U.S.C. §§ 1331, 1343 (3) and (4).

3. Jurisdiction over the state law claims is conferred upon this Court by 28 U.S.C. § 1367.

4. Venue is proper in this Division.

## III. PARTIES

5. Plaintiff Timothy Davis, a Black man, is and was at all relevant times a resident of Franklin County in the State of Ohio and this judicial district.

6. Defendant Matthew Baker was at all times relevant to this action employed by the City of Columbus as a police officer and acting under color of law. Defendant Baker is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. He is sued both in his individual and official capacities

7. Defendant Joseph Bogard was at all times relevant to this action employed by the City of Columbus as a police officer and acting under color of law. Defendant Bogard is a "person"

under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. He is sued both in his individual and official capacities.

8. Defendant LeVon Morefield was at all times relevant to this action employed by the City of Columbus as a police officer and acting under color of law. Defendant Morefield is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. He is sued both in his individual and official capacities

9. Defendant Anthony Johnson was at all times relevant to this action employed by the City of Columbus as a police officer and acting under color of law. Defendant Johnson is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. He is sued both in his individual and official capacities.

10. Defendant Robert Reffitt was at all times relevant to this action employed by the City of Columbus as a police officer and acting under color of law. Defendant Reffitt is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. He is sued both in his individual and official capacities.

11. Defendant Sean Connair was at all times relevant to this action employed by the City of Columbus as a police officer and acting under color of law. Defendant Connair is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. He is sued both in his individual and official capacities.

12. Defendant Eric Everhart was at all times relevant to this action employed by the City of Columbus as a police officer and acting under color of law. Defendant Everhart is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. He is sued both in his individual and official capacities

13. Defendants John Does 1-5 were at all times relevant to this action employed by the City of Columbus as police officers and acting under color of law. Defendants are "persons" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. They are sued both in their individual and official capacities.

14. Defendant City of Columbus is a unit of local government organized under the laws of the State of Ohio. Defendant City of Columbus is a "person" under 42 U.S.C. §1983 and at all times relevant to this case acted under color of law.

## IV. FACTS

15. Timothy Davis is a thirty-one-year-old African-American male.

16. Mr. Davis is a loving father of four children – three boys and one girl. Mr. Davis, who was a football standout and received numerous awards for his performance on the field prides himself on teaching those skills to his sons and other young people in the community.

17. On September 1, 2017, Mr. Davis went to the Livingston Market convenience store. After paying for his snacks, Mr. Davis walked outside.

18. As soon as Mr. Davis stepped outside of the store, he was punched in the face by one of the Defendant Officers.

19. Dazed, Mr. Davis put his hands up to shield his face, stumbling backwards from the force of the blow.

20. The Defendant Officers were in plain clothes.

21. Defendants rushed at Mr. Davis without identifying themselves as police officers. Defendants failed to provide Mr. Davis any opportunity to peacefully submit to arrest.

22. As Mr. Davis stumbled backwards from the force of the blow, Defendants grabbed his arms and his legs causing him to fall face forward to the ground.

23.     When grabbing Mr. Davis' legs, Defendants pulled his pants down, exposing his genitals to a store full of people.

24.     Mr. Davis was naked from the waist down and unable to move as Defendant Officers piled on top of him.

25.     Without the need and with no provocation, Defendant Connair, using his handcuffs as brass knuckles, violently and repeatedly punched Mr. Davis to his head and torso. Defendant Reffitt leaned on a fellow officer to give himself balance and kicked Mr. Davis. Defendant Morefield pulled one of Mr. Davis' dreadlocks out of his head. The other Defendants including John Does repeatedly punched and choked Mr. Davis.

26.     Defendant Officers including John Does yelled for Mr. Davis to stop resisting. Mr. Davis was not resisting the officers. Mr. Davis yelled out in pain and confusion, "What did I do?" Mr. Davis also yelled out "Help" to the people in the store.

27.     Bystanders responding to Mr. Davis' pleas for help videotaped the beating. That video is filed along with this complaint and incorporated herein[1].

28.     One of the Defendant Officers stopped beating Mr. Davis long enough to try to block the civilian videotaping from filming the beating. The officer then returned to beating Mr. Davis.

29.     The Defendant Officers including John Does told Mr. Davis to put his hands behind his back, but it was physically not possible because they were on top of him and on his arms.

---

[1] The video recording was downloaded from social media where it was posted by bystanders. Occasionally civil complaints are challenged as failing to state a claim under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell-Atlantic v. Twombly*, 550 U.S. 544 (2007). In response to such motions plaintiffs must demonstrate that allegations are "plausible." *Iqbal,* 556 U.S. at 678; *Twombly*, 550 U.S. at 570. There is no better way to demonstrate the plausibility of a fact than a video of the events in question. *See e.g. Scott v. Harris*, 550 U.S. 372, 381 (2007) (videotape controlled over contradicting testimony); *Marvin v. City of Taylor*, 509 F. 3d 234, 239 (6th Cir. 2007) (same).

30. The Defendant Officers including John Does pulled Mr. Davis up. Mr. Davis kept asking "What did I do, What did I do?" He was met with more punches and kicks which caused him to fall face forward again.

31. The Defendant Officers including John Does jumped on Mr. Davis again continuing to brutally punch, kick and beat Mr. Davis.

32. Timothy Davis painfully cried out again: "What did I do?" The reply given by one of the Defendant Officers was: "Tase the motherfucker."

33. Mr. Davis was tased multiple times. The Defendant Officers including John Does continued kicking and punching him. Mr. Davis was in tears, powerless to their blows.

34. Bystanders yelled that the officers were trying to kill Mr. Davis, that Mr. Davis had done nothing, and that Mr. Davis could not move because the officers had his arms and his legs.

35. Defendant Officers including John Does ran to where the beating was taking place. John Doe 1 warned the officers that he had on a body camera. He failed to intervene and protect Mr. Davis and he grabbed one of the other officers and put him in front of his body camera so that the officers could continue beating Mr. Davis – despite him not resisting – without it being captured on the body camera.

36. Defendant Officers including John Does continued beating Mr. Davis and then handcuffed him. Mr. Davis was dragged outside of the store and then had to be carried because the vicious beating left him unable to walk.

37. Defendant Officers including John Does dumped him outside of a police van where medics attended to Mr. Davis.

38. Defendant Officers including John Does surrounded Mr. Davis and laughed at him.

39. Mr. Davis repeatedly told Defendants he could not breath. He pled for Defendants and the medics to help him.

40. Instead of helping him, Defendant Officer Bogard inquired about the beating that his fellow officers gave to Timothy Davis, saying: "What did we tase him for? Why didn't we just choke the fucking life out of him?" A fellow officer responded, "I think they did for a while. They were really throwing punches." Defendant Officer Bogard replied, "Good. Good."

41. Mr. Davis continued to plea that he could not breath. Defendant Bogard responded "I'm a little aroused at this Davis. Just so you know."

42. Defendant Bogard continued stating how he would personally have handled Timothy Davis, "You have to choke him. You can't, there's no 'ok I'm going to arm bar you to the ground. Stop resisting sir.' No, I'm going to, for real, arm bar you and then when that still doesn't work, I'm going to choke the life out of you. And then while you're drooling on yourself, I'll handcuff you."

43. The Defendant Officers including John Does recognized that Mr. Davis needed medical care because their Sergeant ordered several officers to be stationed at the hospital with Mr. Davis if the jail would not accept Mr. Davis.

44. Mr. Davis arrived at the Franklin County Jail unconscious. Deputies carried Mr. Davis into the jail, where he woke up naked the next day initially not knowing where he was.

45. Mr. Davis spent a day at the Franklin County jail. Thereafter, Mr. Davis was transported to and spent four days at the Grant Hospital due to his injuries from the beating, which included injuries to his kidney.

46. As the beating of Timothy Davis was underway several Defendant Officers including John Does positioned their bodies to screen bystanders from viewing their fellow officers'

excessive use of force against Mr. Davis. Others tried to block the excessive use of force from being videotaped by civilians and still others used other officers to shield their body cameras from capturing the excessive use of force against Mr. Davis.

47. Defendant Officers including John Does witnessed the excessive use of force against Mr. Davis and failed to protect Mr. Davis from the excessive force of their fellow officers.

48. Defendant Officers including John Does failed to record the arrest or use of force on any cruiser video system or body camera system.

49. Defendants Officers including John Does failed to give adequate medical care to Mr. Davis after severely injuring him during the arrest.

50. Defendant City of Columbus' practices, customs, and usages regarding use of force were a moving force behind the excessive force inflicted on Mr. Davis by the Defendant Officers including John Does.

51. The City of Columbus' lack of training and supervision regarding excessive force also served as a moving force for the excessive force suffered by Mr. Davis.

52. The City of Columbus' failure to discipline officers who use excessive force and practice of clearing those officers of wrongdoing by conducting sham Internal Affairs investigations also served as a moving force for the excessive force suffered by Mr. Davis.

53. The training and supervision provided by the City of Columbus to the Defendant Officers including John Does was deliberately indifferent to the safety of citizens, including citizens such as Plaintiff, at risk of excessive force.

54. At all times relevant to this action Defendants acted negligently, recklessly, intentionally, knowingly, maliciously and with deliberate indifference to the rights, health and safety of Mr. Davis.

55. Timothy Davis sustained permanent and severe physical and psychological injuries as a result of the actions of the Defendant Officers including John Does. He also experienced serious emotional distress, humiliation, embarrassment and severe pain and suffering.

56. Upon information and belief, the City of Columbus has not conducted a meaningful investigation and/or disciplined any of the Defendant officers for excessive force.

57. Kim Jacobs, as the Chief of Police, is the final policy maker for the City of Columbus with regard to training, supervision, making policy, disciping officers, and for decisions not to discipline officers.

## V.     FIRST CAUSE OF ACTION – 42 U.S.C. § 1983

58. Defendants have, under color of law, deprived Timothy Davis of clearly established rights, privileges and immunities secured by the Fourth Amendment to the United States Constitution of which a reasonable person would have known. These rights include, but are not limited to, the right to be free from unreasonable searches and seizures, the right to be free from the use of excessive force, the right to be protected from excessive force, and the right to adequate medical care.

59. Defendant City of Columbus was on notice of the obvious need to train and supervise officers with respect to excessive force and the duty to protect persons from excessive force and the duty to provide medical care and failed to adequately train and supervise them in these areas. This failure to train and supervise was a moving force behind the injuries to the plaintiff in this case.

## VI.    SECOND CAUSE OF ACTION – ASSAULT AND BATTERY

60. The actions of Defendant Officers including John Doe Officers created in Timothy Davis the apprehension of an imminent, harmful, and offensive touching and constituted a

9

harmful touching, both without legal justification.

## VII.   JURY DEMAND

61. Plaintiff hereby demands a jury trial of all issues triable by a jury.

## VIII.   PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands that this Court award him:

A. Compensatory damages in an amount to be shown at trial.

B. Punitive Damages against the individual Defendants only (not the City of Columbus) in an amount to be shown at trial;

C. Reasonable attorney fees;

D. Prejudgment interest; and

E. Such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

| | |
|---|---|
| /s/Lori Brown Johnson<br>Lori Brown Johnson (0077570)<br>Trial Attorney for Plaintiff<br>681 S. Front Street<br>Columbus, Ohio 43206<br>Tel (614) 653-7885<br>lorijohnsonlaw@gmail.com | /s/ Alphonse A. Gerhardstein<br>Alphonse A. Gerhardstein (0032053)<br>Trial Attorney for Plaintiff<br>Jennifer L. Branch (0038893)<br>Janaya Trotter Bratton (0084123)<br>Attorneys for Plaintiff<br>Gerhardstein & Branch Co. LPA<br>441 Vine St., Suite 3400<br>Cincinnati, Ohio 45202<br>Tel (513) 621-9100<br>Fax (513) 345-5543<br>agerhardstein@gbfirm.com<br>jbranch@gbfirm.com<br>jtbratton@gbfirm.com |