## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| TIMOTHY DAVIS, | Case No. 2:17-cv-823 |
| Plaintiff, | |
| | Judge Algenon L. Marbley |
| v. | |
| | Magistrate Judge Chelsey M. Vascura |
| CITY OF COLUMBUS, OHIO et al., | |
| | **JURY DEMAND** |
| Defendants. | **ENDORSED HEREIN** |

## ANSWER

For their answer to the first amended complaint filed Plaintiff Timothy Davis on October 13, 2017, Defendants City of Columbus, Matthew Baker, Joseph Bogard, LeVon Morefield, Anthony Johnson, Robert Reffitt, Sean Connair, and Eric Everhart admit, deny, and state the following:

### SPECIFIC ADMISSIONS, DENIALS & ASSERTIONS

*Defendants' Response to Davis'*
*"Preliminary Statement"*

1.      In response to Paragraph 1, Defendants state: (a) Columbus Police Officers arrested Davis on September 1, 2017; (d) Davis actively resisted his arrest; and (d) Officers were required to employ force against Davis in order to secure his arrest. Defendant deny any remaining allegations in this paragraph.

*Defendants' Response to Davis'*
*Statement of "Jurisdiction and Venue"*

2.      In response to Paragraph 2, Defendants state this Court has subject-matter jurisdiction over Davis' federal claims under 42 U.S.C. § 1983 by virtue of the 28 U.S.C. §§ 1331, 1343(a)(3). Defendants deny any remaining allegations in this paragraph.

3.      Defendants admit the allegations in Paragraph 3.

4.      Defendants admit the allegations in Paragraph 4.

*Defendants' Response to Davis'*
*Statement of the "Parties"*

5.      Defendants admit the allegations in Paragraph 5.

6.      Defendants admit the allegations in Paragraph 6

7.      Defendants admit the allegations in Paragraph 7.

8.      Defendants admit the allegations in Paragraph 8.

9.      Defendants admit the allegations in Paragraph 9

10.     Defendants admit the allegations in Paragraph 10.

11.     Defendants admit the allegations in Paragraph 11.

12.     Defendants admit the allegations in Paragraph 12.

13.     Defendants lack the knowledge, information, or belief sufficient to admit or deny the allegations in Paragraph 13 and therefore deny the same.

14.     Defendants admit the allegations in Paragraph 14.

*Defendants' Response to Davis'*
*Statement of the "Facts"*

15.     In response to Paragraph 15, Defendants state Davis is a thirty-two-year-old, African-American male. Defendants deny any remaining allegations in this paragraph.

16.     Defendants lack the knowledge, information, or belief sufficient to admit or deny the allegations in Paragraph 16 and therefore deny the same.

17.     In response to Paragraph 17, Defendants state that, on September 1, 2017, Davis stepped outside of the Livingston Market at 1619 East Livingston Avenue, Columbus, Ohio  43205. Defendants lack the knowledge, information, or belief sufficient to admit or deny any of the remaining allegations in this paragraph and therefore deny those remaining allegations.

18.     Defendants deny the allegations in Paragraph 18.

19.     Defendants deny the allegations in Paragraph 19.

20.     Defendants admit the allegations in Paragraph 20.

21.     Defendants deny the allegations in Paragraph 21.

22.     Defendants deny the allegations in Paragraph 22.

23.     Defendants deny the allegations in Paragraph 23.

24.     In response to Paragraph 24, Defendants state Davis was naked from the waist down during portions of the struggle to take him into custody. Defendants deny the remaining allegations in this paragraph.

25.     In response to Paragraph 25, Defendants state: (a) Columbus Police Officers arrested Davis on September 1, 2017; (d) Davis actively resisted his arrest; and (d) Officers were required to employ force against Davis in order to secure his arrest. Defendant deny any other allegations made in this paragraph.

26.     In response to Paragraph 26, Defendants state; (a) Columbus Police Officers yelled for Davis to stop resisting; and (b) Davis was resisting Columbus Polices' efforts to place him under arrest. Defendants deny the remaining allegations in this paragraph.

27.     In response to Paragraph 27, Defendants state that at least one bystander videotaped the incident and that Davis purports to have filed a copy of that video along with his first amendment complaint. Defendants deny the remaining allegations of this paragraph, including the allegation that a clearly altered video with a media watermark is a true and accurate copy of the video that any bystander took. Defendants deny any other remaining allegations in this paragraph.[1]

28.     Defendants deny the allegations in Paragraph 29. To the extent this paragraph attempts to make an unfair compound accusation, Defendants deny that any Columbus Police Officer "beat" Davis, and Defendants deny that any Columbus Police Officer tried to block anyone from filming the arrest. Defendants deny any remaining allegations in this paragraph.

29.     In response to Paragraph 29, Defendants state Columbus Police Officers yelled for Davis to put his hands behind his back. Defendants deny the remaining allegations in this paragraph.

30.     Defendants deny the allegations in Paragraph 30.

31.     In response to Paragraph 31, Defendants state: (a) Columbus Police Officers arrested Davis on September 1, 2017; (d) Davis actively resisted his arrest; and (d) Officers were required to employ force against Davis in order to secure his arrest. Defendant deny any other allegations made in this paragraph.

32.     Defendants deny the allegations in Paragraph 32.

33.     In response to Paragraph 33, Defendants state: (a) Columbus Police Officers arrested Davis on September 1, 2017; (d) Davis actively resisted his arrest; and (d) Officers were required to

---

[1] To the extent argument made in Footnote 1 to Paragraph 27 require a response, Defendants admit Davis has correctly articulated the "plausibility" standard applicable to Fed. R. Civ. P. 12(b)(6) motions and has correctly noted that civil complaints are occasionally challenged under that same rule. Defendants deny the video filed with Davis' pleadings, even if authentic, demonstrates the plausibility of his claims. Defendant deny any other allegations that have been made in that footnote.

employ force (including the use of a taser) against Davis in order to secure his arrest. Defendant deny any other allegations made in this paragraph.

34.     In response to Paragraph 34, Defendants state: (a) Columbus Police Officers were not trying to kill Davis; (b) Columbus Police Officers had lawful authority (and an obligation) to arrest Davis because he was subject to several outstanding warrants for violent felonies; and (c) Davis could move; (d) Davis was indeed moving; and (e) Davis was, in fact, actively resisting officers attempts to arrest him. Defendants lack the knowledge, information, or belief sufficient to admit or deny any of Davis' allegations about what bystanders were purportedly yelling at officers. Thus, Defendants deny those allegations. Defendants deny any other allegations made in this paragraph.

35.     Defendants deny the allegations in Paragraph 35.

36.     In response to Paragraph 36, Defendants state: (a) Columbus Police Officers were eventually able to handcuff Davis; and (b) Columbus Police Officers were required to carry Davis from the scene of the arrest inside the store to a prison transport vehicle waiting outside. Defendant deny the other allegations in this paragraph.

37.     In response to Paragraph 37, Defendants state: (a) Columbus Police Officers carried Davis from the scene of the arrest inside the store to a prison transport vehicle waiting outside; and (b) medics attended to Davis on scene. Defendant deny any other allegations in this paragraph.

38.     Defendants deny the allegations in Paragraph 38.

39.     In response to Paragraph 39, Defendants state: (a) Davis repeatedly told Columbus Police Officers and medics on scene that he could not breathe; and (b) Davis could quite clearly breathe. Defendants deny any other allegations in this paragraph.

40.     In response to Paragraph 40, Defendants state: (a) Bogard was not involved in Davis' arrest; (b) Bogard did not employ any force against Davis; (c) Davis was being attended to by other

Columbus Police Officers and/or medics by the time Bogard arrived on scene; and (d) Davis did not require any medical attention or assistance from Bogard. While Defendants admit that Bogard made several inappropriate comments at the scene, inappropriate comments are not the basis for any state of federal liability. Davis' attempts to transform Bogard's inappropriate (but not unconstitutional) comments into some sort of substantive state or federal causes of action have no basis in law or fact and demonstrate bad faith on Davis part. Defendants deny any other allegations in this paragraph.

41.    In response to Paragraph 41, Defendants state: (a) Davis repeatedly told Columbus Police Officers and medics on scene that he could not breathe; (b) Davis could quite clearly breathe; (c) Bogard was not involved in Davis' arrest; (d) Bogard did not employ any force against Davis; (e) Davis was being attended to by other Columbus Police Officers and/or medics by the time Bogard arrived on scene; and (f) Davis did not require any medical attention or assistance from Bogard. While Defendants admit that Bogard made several inappropriate comments at the scene, inappropriate comments are not the basis for any state of federal liability. Davis' attempts to transform Bogard's inappropriate (but not unconstitutional) comments into some sort of substantive state or federal causes of action have no basis in law or fact and demonstrate bad faith on Davis part. Defendants deny any other allegations in this paragraph.

42.    In response to Paragraph 42, Defendants state: (a) Bogard was not involved in Davis' arrest; (b) Bogard did not employ any force against Davis; (c) Davis was being attended to by other Columbus Police Officers and/or medics by the time Bogard arrived on scene; and (d) Davis did not require any medical attention or assistance from Bogard. While Defendants admit that Bogard made several inappropriate comments at the scene, inappropriate comments are not the basis for any state of federal liability. Davis' attempts to transform Bogard's inappropriate (but not unconstitutional)

comments into some sort of substantive state or federal causes of action have no basis in law or fact and demonstrate bad faith on Davis part. Defendants deny any other allegations in this paragraph.

43.     Defendants lack the knowledge, information, or belief sufficient to admit or deny the allegations in Paragraph 43 and therefore deny the same.

44.     In response to Paragraph 44, Defendants state that Franklin County Deputies carried Davis from the sally port at the Franklin County Correctional Center to his cell. Defendants lack the knowledge, information, or belief sufficient to admit or deny the remaining allegations in this paragraph and therefore deny those remaining allegations.

45.     In response to Paragraph 45, Defendants state that Davis was taken to Grant Medical Center sometime after being arrested and before 4:00 p.m. on September 2, 2017. Defendants lack the knowledge, information, or belief sufficient to admit or deny the remaining allegations in this paragraph and therefore deny those remaining allegations.

46.     Defendants deny the allegations in Paragraph 46.

47.     Defendants deny the allegations in Paragraph 47.

48.     In response to Paragraph 48, Defendants state that there is no significant recording of Davis' arrest on any cruiser-video system or body-worn-camera. Defendants deny the remaining allegations in this paragraph.

49.     Defendants deny the allegations in Paragraph 49.

50.     Defendants deny the allegations in Paragraph 50.

51.     Defendants deny the allegations in Paragraph 51.

52.     Defendants deny the allegations in Paragraph 52.

53.     Defendants deny the allegations in Paragraph 53.

54.     Defendants deny the allegations in Paragraph 54.

55.     Defendants deny the allegations in Paragraph 55.

56.     Defendants deny the allegations in Paragraph 56.

57.     Defendants deny the allegations in Paragraph 57.

*Defendants' Response to Plaintiff's First Cause of Action*
*42 U.S.C. § 1983*

58.     Defendants deny the allegations in Paragraph 58.

59.     Defendants deny the allegations in Paragraph 59.

*Defendants' Response to Plaintiff's Second Cause of Action*
*Assault and Battery*

60.     Defendants deny the allegations in Paragraph 60.

## JURY DEMAND

61.     Defendants hereby demand a jury trial of all issues so triable.

## GENERAL ADMISSIONS, DENIALS & ASSERTIONS

62.     Defendants deny each and every allegation made in Davis' first amended complaint that has not been specifically and unequivocally admitted in one or more of the foregoing paragraphs of this answer.

## AFFIRMATIVE DEFENSES

63.     Defendants are entitled to all applicable immunities, defenses, set-offs, and limitations set forth in Ohio's Political Subdivision Tort Liability Act, O.R.C §§ 2744.01–2744.11.

64.     Defendant Police Officers are entitled to qualified immunity from Davis' federal purported claims.

65.     Davis' claims are time-barred by the applicable statutes of limitations.

66.     Davis' claims are barred (either in whole or in part) by his own comparative fault, contributory negligence, assumption of the risk, and/or wrongful conduct.

67.   Davis' claims are barred (either in whole or in part) by a failure to mitigate or to reasonably minimize his own purported damages.

68.   Davis' claims are barred (in whole or in part) by the doctrines of estoppel, waiver, or laches.

69.   Davis fails to state claims upon which relief can be granted.

70.   Defendants reserve the right to assert such additional defenses that may become apparent as this civil action proceeds through discovery.

## PRAYER FOR RELIEF

71.   Having fully answered Davis' first amended complaint, Defendants respectfully request: (a) an order from this Court dismissing Davis' claims with prejudice; (b) an order from this Court assessing costs (including reasonable attorneys' fees incurred in defending the claims asserted herein) to Defendants; (c) and order from this Court awarding Defendants any and all such other relief the Court deems just, necessary, or appropriate; and (d) and a final judgment entry in Defendants' favor.

Respectfully submitted,

*/s/ Andrew D.M. Miller*

Andrew D.M. Miller (0074515)
CITY OF COLUMBUS, DEPARTMENT OF LAW
ZACH KLEIN, CITY ATTORNEY
77 North Front Street, Columbus, Ohio 43215
(614) 645-7385 / (614) 645-6949 (fax)
andrewdmmiller@columbus.gov

Attorney for Defendants

**JURY DEMAND**

Defendants hereby demand a jury trial of all issues so triable.

*/s/ Andrew D.M. Miller*

Andrew D.M. Miller (0074515)
admmiller@columbus.gov

**CERTIFICATE OF SERVICE**

I hereby certify that, on **January 9, 2018**, I electronically filed the foregoing with the Clerk of this Court by using the Court's CM/ECF System. Copies will be served upon counsel of record by, and may be obtained through, the Court's CM/ECF System.

*/s/ Andrew D.M. Miller*

Andrew D.M. Miller (0074515)
admmiller@columbus.gov