IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY DAVIS, | : | |
| | : | Case No. 2:17-cv-823 |
| Plaintiff, | : | |
| | : | JUDGE ALGENON L. MARBLEY |
| v. | : | |
| | : | Magistrate Judge Vascura |
| CITY OF COLUMBUS, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## OPINION & ORDER

This matter is before the Court on Defendants' Motion for Partial Judgment on the Pleadings. (ECF No. 31). For the reasons that follow, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion.

### I. BACKGROUND

#### A. Factual Background

Plaintiff, Timothy Davis, brought this suit after a confrontation with City of Columbus Police Officers Matthew Baker, Levon Morefield, Anthony Johnson, Robert Reffitt, Sean Connair, Eric Everhart, Alan Bennett, and Ryan Steele outside a convenience store on September 1, 2017. According to Mr. Davis, he left the convenience store, and plainclothes officers immediately punched him in the face. (ECF No. 26 at 4–5). Mr. Davis alleges the officers did not "identify[] themselves as police officers." (*Id.* at 5). Defendants proceeded to beat him with handcuffs, punch him, kick him, choke him, stripped him from the waist down, and even "pulled one of Mr. Davis' [sic] dreadlocks out of his head." (*Id.*). Mr. Davis says that although "[o]fficers yelled for Mr. Davis to stop resisting [,] . . . Mr. Davis was not resisting the officers." (*Id.*). The officers later tased Mr. Davis.

1

Mr. Davis alleges that other officers, including Officers Frank Lemak and Joseph Bogard, later arrived. (ECF No. 26 at 6–7). The officers took Mr. Davis to "a police van where medics attended to" him. (ECF No. 26 at 7). Mr. Davis alleges that he was unconscious when he reached the Franklin County Jail, and when he woke up the following day was naked. His injuries required a four-day stay at Grant Hospital. (ECF No. 26 at 8).

Defendant Officers and the City of Columbus allege that "Davis actively resisted his arrest" and "Officers were required to employ force against Davis in order to secure his arrest." (ECF No. 30 at 1). They argue that "Columbus Police Officers had lawful authority (and a legal duty) to arrest Davis because he was subject to several outstanding warrants for violent felonies." (ECF No. 30 at 5).

### B. Procedural Background

Plaintiff filed this suit on September 17, 2017. (ECF No. 1). He later filed an Amended Complaint on October 13, 2017 (ECF No. 7) and a Second Amended Complaint on April 5, 2018 (ECF No. 26). Plaintiff brought his complaint against Defendant Officers under 42 U.S.C. § 1983, alleging violations of his constitutional rights against unreasonable search and seizure, excessive force, and "right to adequate medical care." (ECF No. 26 at 10–11). Plaintiff also sued the officers for assault and battery. Plaintiff sued the City of Columbus under 42 U.S.C. § 1983 for failure to train and supervise officers on excessive force and providing medical care. (ECF No. 26 at 11).

Defendants filed an Answer (ECF No. 30) and Motion for Partial Judgment on the Pleadings on April 19, 2018 (ECF No. 31). Plaintiff's response followed on May 3, 2018. (ECF No. 32).

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment on the pleadings "[a]fter the pleadings are closed[,] but early enough not to delay trial." Fed. R. Civ. P. 12(c). The standard of review applicable to a motion under Rule 12(c) is the same as the "standard applicable to a motion to dismiss under Rule 12(b)(6)." *Ziegler v. IBP Hog Mkt.*, 249 F.3d 509, 511–12 (6th Cir. 2001). A Rule 12(b)(6) motion "is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations." *Golden v. City of Columbus*, 404 F.3d 950, 958–59 (6th Cir. 2005). Thus, the Court "must construe the complaint in the light most favorable to the plaintiff" and "accept all well-pled factual allegations as true[.]" *Ouwinga v. Benistar 419 Plan Servs., Inc.*, 694 F.3d 783, 790 (6th Cir. 2012). If more than one inference may be drawn from an allegation, the Court must resolve the conflict in favor of the plaintiff. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). The Court cannot dismiss a complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id*.

Generally, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The allegations need not be detailed but must "give the defendant fair notice of what the claim is, and the grounds upon which it rests." *Nader v. Blackwell*, 545 F.3d 459, 470 (6th Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). A complaint's factual allegations "must be enough to raise a right to relief above the speculative level," and must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). A claim is plausible when it contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009). The Court is not required to accept as true mere legal conclusions unsupported by factual allegations. *Id.* (citing *Twombly*, 550 U.S. at 555).

## III. LAW & ANALYSIS

### A. State Law Municipal Liability Claim

Defendants first move to dismiss any claim that Mr. Davis might be asserting under state law against the City of Columbus. They cite the Ohio Political Subdivision Tort Liability Act, Title 27, Chapter 2744 of the Ohio Revised Code, as immunizing the City from such claims. Defendants note that it is unclear whether Mr. Davis is in fact bringing such a claim. (ECF No. 31 at 4). Mr. Davis clarifies that his only state law claim is for assault and battery against the Defendant Officers, not the City of Columbus. While Mr. Davis's complaint does present some ambiguity, claiming only that the Officers' actions met the legal standard for assault and battery, this Court will take Mr. Davis's construction of his claim as decisive. Since Mr. Davis does not bring a claim under state law against the City of Columbus, Defendants' Motion as to the state law municipal liability claim is hereby **DENIED** as moot.

### B. Federal Official Capacity Claim

Defendants also move to dismiss Mr. Davis's federal official capacity claims against the Defendant Officers as redundant, given the claims against the City. (ECF No. 31 at 7). Mr. Davis "does not object to Defendants' motion." (ECF No. 32 at 3). As such, Defendants' Motion to dismiss the federal official capacity claims is hereby **GRANTED**.

### C. State Law Official Capacity Claim

Defendants have moved to dismiss Mr. Davis's state law official capacity claims because they are duplicative of the claim against the City and because Defendants contend that the City is immune under the Ohio Political Subdivision Tort Liability Act. (ECF No. 31 at 6–7). Mr.

4

Davis argues that Defendants' Motion on this claim is moot because Mr. Davis is not bringing an official capacity claim against the City for violations of state law and the official capacity claim under federal law is being dismissed. (ECF No. 32 at 3).

As such, Defendants' Motion to dismiss the state law official capacity claims is **DENIED** as moot.

### IV. CONCLUSION

For the foregoing reasons, Defendants' Motion is **DENIED** as moot as to the state law municipal liability claims and state law official capacity claims and **GRANTED** as to the federal official capacity claims.

**IT IS SO ORDERED.**

                                                                               s/Algenon L. Marbley
                                                                          **ALGENON L. MARBLEY**
                                                                          **UNITED STATES DISTRICT JUDGE**

**DATED: December 6, 2018**