IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY DAVIS,<br><br>        Plaintiff,<br><br>  v.<br><br>CITY OF COLUMBUS, OHIO, et al.,<br><br>        Defendants. | Case No. 2:17-cv-823<br><br>Judge Algenon L. Marbley<br><br>Magistrate Judge Chelsey M. Vascura |

**DEFENDANT ERIC EVERHART'S FIRST SET OF
COMBINED DISCOVERY REQUESTS,
INCLUDING REQUESTS FOR ADMISSION**

Pursuant to Rules 26, 33, 34 & 36 of the Federal Rules of Civil Procedure, Defendant Eric Everhart serves the following combined set of interrogatories, requests for production of documents, and requests for admission on Plaintiff Timothy Davis. Plaintiff must serve his written responses and/or objections to these discovery requests on or before **May 31, 2019**.

**DEFINITIONS FOR ERIC EVERHART'S
DISCOVERY REQUESTS**

In order to avoid confusion and needless repetition, Defendant Eric Everhart incorporates the "Definitions for Sean Connair's Discovery Request" Section of "Defendant Sean Connair's First Set of Combined Discovery Requests, Including Request for Admission," which was served upon Plaintiff Timothy Davis herewith, as if that section was fully rewritten here. The words and/or phrases defined in that section shall have the same meanings provided in that section for any of the discovery requests in which they are used below.

# FIRST SET OF INTERROGATORIES
# FROM ERIC EVERHART

Provide any non-privileged information that is responsive to the following interrogatories and that is within your possession, custody, or control. Please make a reasonable inquiry into the matter for which information is sought, and please conduct a reasonably diligent review of the information, files, documentation, and materials that are within your personal possession, custody, or control or within the possession, custody, or control of your attorneys or any other person acting at your behest, at your direction, on your behalf, or under your control.

**Interrogatory #1**   Identify each and every specific use of force of which you are aware (either through personal knowledge and recollection or through information and belief) that **Officer Everhart** used against you during the incident.

**Response #1**   **Punches, kicks, headlock, pulling out hair. See Incident videos 1-8 (GB892-894,897-898, 993-994, 1000); BWC Video 10 Lemak n1(GB819). See also Everhart incident report, investigatory statements and IAB Audio statement**

**Interrogatory #2**   Identify each and every person of whom you are aware (either through personal knowledge and recollection or through information and belief) who saw **Officer Everhart** use force against you during the incident. *Please remember to include any responsive City employees within your response to this interrogatory.*

**Response #2**   **Woodson-Levy, Abdul Jabbar, Jehad Elzaben, and all Defendants except Bogard. See also Incident videos 1-8 (GB892-894,897-898, 993-994, 1000); BWC Video 10 Lemak n1(GB819).**

**Interrogatory #3**   Identify each specific use of force of which you are aware (either through personal knowledge and recollection or through information and belief) that: (a) **Officer Everhart** used against you during the incident; and (b) you believe to have been excessive or unreasonable. *Please note the sub-numbering of this interrogatory narrows the scope of the information being sought. The interrogatory is not divided it into sub-parts.*

**Response #3**   **All punches, kicks, hair pulling, and headlocks were excessive and unreasonable. See also Response to Interrogatory #1.**

**Interrogatory #4**   Identify each and every person of whom you are aware (either through personal knowledge and recollection or through information and belief) who saw **Officer Everhart** use excessive or unreasonable force against you during the incident. *Please remember to include any responsive City employees within your response to this interrogatory.*

**Response #4**   **See Response to Interrogatory #2**

**Interrogatory #5**     Identify each and every specific use of force of which you are aware (either through personal knowledge and recollection or through information and belief) that **Officer Everhart** used against you after both of your hands were cuffed behind your back.

**Response #5**     As Officer Lemak purposely hid the officers' actions, and Officer Everhart was in the vicinity while Plaintiff was being kicked and punched while handcuffed, Plaintiff is not able to identify exactly what punch and/or kick was inflicted by Officer Everhart. See Response to Interrogatory #1

**Interrogatory #6**     Identify each and every person of whom you are aware (either through personal knowledge and recollection or through information and belief) who saw **Officer Everhart** use force against you after both of your hands were cuffed behind your back. *Please remember to include any responsive City employees within your response to this interrogatory.*

**Response #6**          See Response to Interrogatory #2

**Interrogatory #7**     Identify each and every specific use of force of which you are aware (either through personal knowledge and recollection or through information and belief) that **Officer Everhart** used against you after you were secured with a hobble-strap (i.e., leg restraint).

**Response #7**          None

**Interrogatory #8**     Identify each and every person of whom you are aware (either through personal knowledge and recollection or through information and belief) who saw **Officer Everhart** use force against you after you were secured with a hobble-strap (i.e., leg restraint). *Please remember to include any responsive City employees within your response to this interrogatory.*

**Response #8**          None

**Interrogatory #9**     Identify each and every specific use of force of which you are aware (either through personal knowledge and recollection or through information and belief) that (a) you believe to have been excessive or unreasonable; (b) **Officer Everhart** did not himself use against you during the incident; (c) **Officer Everhart** himself observed or should have anticipated; and (d) **Officer Everhart** himself should have stopped or prevented. *Please note the sub-numbering of this interrogatory narrows the scope of the information being sought. The interrogatory is not divided it into sub-parts.*

**Response #9**          (a),(b),(c),(d): See Response to Interrogatory #1. All uses of force by all defendants was excessive and unreasonable. These include the punch as Plaintiff was exiting the store; punches with handcuffs used as brass knuckles; Plaintiff's hair being pulled out of his head; headlock; stomping on Plaintiff's head, back, legs, arms; kneeing in face; officer who climbed over other officers just to get a kick in; and all other punches and kicks that were concealed when the officers went out of view of the camera and/or when the officer purposely concealed the officers' beating of Plaintiff after he yelled body camera and pulled the officer into his chest to block all view; after Plaintiff was handcuffed and hobblestrapped and unable to carry any weight on his own, Lemak and Bennett picked him up by his arms with no one holding his legs.

**Interrogatory #10**    Identify and describe the specific medical care that: (a) you needed after the incident and on September 1, 2017; (b) **Officer Everhart** was aware (or should have been aware) you needed after the incident and on September 1, 2017; (c) **Officer Everhart** could have provided to you himself after the incident and on September 1, 2017; and (d) **Officer Everhart** failed to provide you after the incident and on September 1, 2017. *Please note the sub-numbering of this interrogatory narrows the scope of the information being sought. The interrogatory is not divided it into sub-parts.*

**Response #10**    **(a) Plaintiff needed to be go to the hospital for injury to his kidney, ribs, and lacerations all over his body. Plaintiff needed to be checked for head injury due to his being beaten in the head to the point he was in and out of consciousness; (b) Same as (a); (c) first aid which officers should be trained in and/or call for medical assistance; (d) Officer Everhart failed to provide any medical care.**

**Interrogatory #11**    Identify each physical injury that you sustained during the incident and that was caused by any excessive force used specifically by **Officer Everhart**.

**Response #11**    **Rhabdomyolysis resulting in kidney, hyperkalemia due to kidney damage, fractured ribs, facial and body lacerations, contusion to both eyes, chest wall contusion, abdomen injury, abrasion of wall of thorax, head contusion, neck contusion, bruising on ear, back contusions. See also all medical records that have been produced from Naphcare, Ohio Department of Rehabilitation and Correction and Grant Hospital.**

**Interrogatory #12**    Identify each physical injury that you sustained during the incident but that was not caused by any excessive force used specifically by **Officer Everhart**.

**Response #12**    **Officer Everhart's actions contributed to all of the above injuries**

**Interrogatory #13**    If you believe that **Officer Everhart** had previously engaged in a pattern of prior misconduct similar to the misconduct about which you now complain and that this pattern was or should have been sufficient to put the City on notice of the need for additional training or supervision of **Officer Everhart** or of any other CPD law enforcement officer, identify each and every specific instance of prior misconduct in such a pattern.

**Response #13**    See ETE 323-ETE561

**Interrogatory #14**    At Paragraph 18 of your First Amended Complaint (R.7 #26), you stated, "As soon as Mr. Davis stepped outside of the store, he was punched in the face by one of the Defendant Officers." You repeat that allegation verbatim at Paragraph 20 of your Second Amended Complaint (R.26 #91). Identify the "Defendant Officer" who punched you in the face "outside of the store."

**Response #14**    **Plaintiff does not know the identify of the Defendant Officers who punched him as he only saw a fist coming at him and thereafter the blows (punches and kicks) never stopped. Based on information and belief that the officers who punched him were also the first officers on scene, those individuals would be Levon Morefield, Sean Connair, Alan Bennett, Anthony Johnson, and Eric Everhart.**

**Interrogatory #15**    State the total amount of money you seek in this action as compensation for any medical expenses (past and future) and describe the method by which you computed that total amount of money.

**Response #15**    **Plaintiff has not ascertained the amount of future medical expenses due to kidney damage and has been unable to be evaluated due to his incarceration. Plaintiff does not seek money for past medical expenses.**

**Interrogatory #16**    Identify each physical injury that you sustained during the incident, regardless of who caused it.

**Response #16**    **Rhabdomyolysis resulting in kidney, hyperkalemia due to kidney damage, fractured ribs, facial and body lacerations, contusion to both eyes, chest wall contusion, abdomen injury, abrasion of wall of thorax, head contusion, neck contusion, bruising on ear, back contusions. See also all medical records that have been produced from Naphcare, Ohio Department of Rehabilitation and Correction and Grant Hospital.**

**Interrogatory #17**    Identify and describe all of the medical care you have received as a result of physical injuries sustained during the incident.

**Response #17**    **From medics on scene, next to nothing with just a look over and cleaned head wound. At Franklin County Jail, Plaintiff was taken to Grant Hospital where tests were run and Plaintiff was treated. See Grant Medical Records (GB594-750). See also Davis Medical records from Naphcare for treatment while in the Franklin County jail (GB357-496)**

**Interrogatory #18**    Identify each and every medical provider who/that provided you with medical care as a result of physical injuries sustained during the incident.

**Response #18**    **Grant Medical Center, Naphcare, Ohio Department of Rehabilitation and Correction**

**Interrogatory #19**    Identify each physical injury that you sustained during the incident and for which you are still receiving medical or expect to continue receiving medical care into the future.

**Response #19**    **Pain and loss of kidney function**

**Interrogatory #20**    Identify and describe all of the medical care you that you expect to receive into the future as a result of physical injuries sustained during the incident.

**Response #20**    **Plaintiff has not been able to ascertain the future medical care needed until he can be evaluated by a nephrologist.**

**Interrogatory #21**    Identify each and every medical provider who/that you expect to provide you with medical care into the future as a result of physical injuries sustained during the incident.

**Response #21**    **See Response to Interrogatory #20**

## VERIFICATION OF INTERROGATORY RESPONSES
## TO ERIC EVERHART

The undersigned does hereby swear, that: (a) the factual statements made in response to the foregoing interrogatories are true, accurate, and complete to the best of his/her knowledge, information, and belief; (b) he/she has been authorized by the party upon whom/which those interrogatories were served to verify the factual statements made in response thereto; and/or (b) his/her signature below serves as a verification of those factual statements.

*Timothy Davis*
Timothy Davis

Sworn to before me and subscribed in my presence on

*Michelle [signature]*
Notary Public

My commission expires:

MICHELLE THORNTON
Notary Public, State of Ohio
My Commission Expires 11-08-2023