UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**TIMOTHY DAVIS,**

   **Plaintiff,**

 v.               Civil Action 2:17-cv-823
                   Chief Judge Algenon L. Marbley
                   Magistrate Judge Chelsey M. Vascura

**CITY OF COLUMBUS,** *et al.***,**

   **Defendants.**

## OPINION AND ORDER

 This matter is before the Court for consideration of Plaintiff's Unopposed Motion to File Document Under Seal ("Motion," ECF No. 77).  In his Motion, Plaintiff proposes to file under seal, in connection with his Response in Opposition re Motion for Summary Judgment (ECF No. 83), several medical records that are subject to the parties' protective order.  (Motion 1, ECF No. 77.)  For the following reasons, Plaintiff's Motion is **DENIED WITHOUT PREJUDICE**.

 There is a strong presumption in favor of public access to judicial records.  *Stanley v. Turner Oil & Gas Properties, Inc.*, No. 2:16-CV-386, 2017 WL 5068444, at *1 (S.D. Ohio July 24, 2017).  As the United States Court of Appeals for the Sixth Circuit has explained, documents filed with the Court may be placed under seal "[o]nly for the most compelling reasons."  *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *In re Knoxville News–Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)).  "A movant's obligation to provide <u>compelling</u> reasons justifying the seal exists even if the parties themselves <u>agree</u> the filings should be sealed."  *White v. Wilberforce Univ.*, No. 1:16-CV-1165, 2017 WL 3537233, at *2 (S.D. Ohio Aug. 17, 2017) (emphasis in original) (citing *Rudd Equip. Co., Inc. v. John Deere*

*Constr. & Forestry Co.*, 834 F.3d 589, 595 (6th Cir. 2016)).  The proponent of sealing therefore must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations."  *Shane Grp., Inc.*, 825 F.3d at 305 (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002)).  These reasons and legal citations must be sufficient for a district court to "set forth specific findings and conclusions which justify nondisclosure to the public."  *Rudd Equip. Co., Inc.*, 834 F.3d at 594.

  Here, Plaintiff's Motion fails to meet the high standard set forth by the Sixth Circuit.  Plaintiff fails to set forth compelling reasons justifying the sealing of documents, asserting only that the documents in question are "confidential medical records" subject to the parties' Protective Order.  (Motion 1, ECF No. 77.)  The parties' agreement to maintain confidentiality, standing alone, does not constitute a compelling reason for filing under seal.  *See Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983) (holding that a "confidentiality agreement between the parties does not bind the court in any way"); *White*, 2017 WL 3537233, at *2 (finding the parties' joint motion to file under seal woefully inadequate where they merely asserted that they decided to keep the terms of their settlement confidential).  Further, Plaintiff failed to "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations."  *Shane Grp., Inc.*, 825 F.3d at 305 (quoting *Baxter Int'l, Inc.*, 297 F.3d, at 548).  Additionally, Plaintiff has waived any physician-patient privilege by placing his medical condition at-issue in this case.  *See* O.R.C. § 2317.02(B)(1)(a)(iii); *see also Simon v. Cook*, 261 F. App'x 873, 886 (6th Cir. 2008) ("[T]his circuit has held that placing one's mental health at issue constitutes waiver of the privilege."); *White v. Honda of Am. Mfg., Inc.*, No. 2:07-CV-216, 2008 WL 5431160, at *2 (S.D. Ohio Dec. 31, 2008) (noting that the physician-patient "privilege is waived upon the patient's filing of any . . . civil action") (internal

2

quotation marks and citations omitted); *Mitchell v. Tennessee*, No. 3:17-CV-00973, 2020 WL 6712169, at *2 (M.D. Tenn. Nov. 16, 2020) ("Courts in this circuit recognize that plaintiffs who place their medical condition at issue waive any applicable privileges or statutory protections that their medical records would have otherwise had.") (internal quotation marks omitted) (citing cases).

For the above-stated reasons, Plaintiff's Motion (ECF No. 77) is **DENIED WITHOUT PREJUDICE**.  If either party desires that Plaintiff file under seal the exhibits referred to in Plaintiff's Response in Opposition re Motion for Summary Judgment (ECF No. 83), the proponent of the seal must file a properly supported motion that demonstrates good cause for filing under seal **WITHIN FOURTEEN DAYS** of the date of this Order.  The parties are cautioned that any forthcoming motions regarding filing documents under seal should be narrowly tailored, as the sealing of documents must be no broader than necessary.  *See Shane Group, Inc.*, 825 F.3d at 305.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE