UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY DAVIS, | : | |
| | : | |
| Plaintiff, | : | Case No. 2:17-cv-0823 |
| | : | |
| v. | : | Chief Judge Algenon L. Marbley |
| | : | |
| CITY OF COLUMBUS, OHIO, *et al.*, | : | Magistrate Judge Chelsey M. Vascura |
| | : | |
| Defendants. | : | |

## OPINION & ORDER

This matter is before the Court on Plaintiff's and Defendants' Motions in Limine (ECF Nos. 103, 100). For the reasons set forth below, Plaintiff's first Motion is **GRANTED IN PART**, Plaintiff's fourth Motion is **HELD IN ABEYANCE**, and all other Motions are **DENIED**.

### I. APPLICABLE LAW

#### A. Motions in Limine

The purpose of motions in limine is "to narrow the issues remaining for trial and to minimize disruptions at trial." *United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999). "Whether or not to grant a motion in limine falls within the sound discretion of the trial court." *Delay*, 2012 WL 5878873, at *2. The guiding principle is to "ensure evenhanded and expeditious management of trials." *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio July 16, 2004).

Courts should "exclude evidence on a motion in limine only when that evidence is determined to be clearly inadmissible on all potential grounds." *Delay v. Rosenthal Collins Grp., LLC*, 2012 WL 5878873, at *2 (S.D. Ohio Nov. 21, 2012). Thus, "[w]hen a court is unable to determine whether or not certain evidence is clearly inadmissible, evidentiary rulings should be

1

deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in the proper context." *Id.*

"Orders in limine which exclude broad categories of evidence should seldom be employed. A better practice is to deal with questions of admissibility as they arise." *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975); *see also Morrison v. Stephenson*, 2008 WL 343176, at *1 (S.D. Ohio Feb. 5, 2008) ("Courts . . . are generally reluctant to grant broad exclusions of evidence in limine, because a court is almost always better situated during the actual trial to assess the value and utility of evidence.") (internal quotation marks omitted).

### B. Rules of Evidence

Together, the parties' Motions implicate the Federal Rules of Evidence on relevance (Rules 401, 402, 403), expert witnesses (Rules 702, 704), and character evidence (Rules 404, 609).

The relevance rules provide that evidence is relevant, and thus generally admissible, if it has "any tendency" to make a "fact . . . of consequence in determining the action" "more or less probable than it would be without the evidence." Fed. R. Evid. 401, 402. Relevant evidence may be excluded, however, if the court determines that "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Expert witnesses generally can testify in the form of an opinion if it is "based on sufficient facts or data" and "is the product of reliable principles and methods . . . reliably applied." Fed. R. Evid. 702. Opinion testimony by an expert is "not objectionable just because it embraces an ultimate issue," provided that it stops short of giving legal conclusions. Fed. R. Evid. 704(a).

The rules on character evidence bar its use for propensity—that is, "to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid.

2

404(a)(1). The same holds true for prior crimes, wrongs, or bad acts; however, such evidence is admissible for other purposes not related to propensity. Fed. R. Evid. 404(b). One such purpose is impeachment, governed by Rule 609. Rule 609 states that a conviction of a crime punishable by more than one year's imprisonment "must be admitted, subject to Rule 403, in a civil case . . . ." Fed. R. Evid. 609(a)(1)(A). Any conviction "must be admitted," regardless of the term of punishment, if "the elements of the crime required proving . . . a dishonest act or false statement." Fed. R. Evid. 609(a)(2). A limiting principle "applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later," in which case the probative value of the conviction must substantially outweigh the prejudicial effect. Fed. R. Evid. 609(b).

## II. ANALYSIS

### A. Plaintiff's Motions in Limine

Plaintiff submitted four Motions in Limine (ECF No. 103). For the reasons that follow, Plaintiff's first Motion is **GRANTED IN PART**, the fourth Motion is **HELD IN ABEYANCE**, and the remaining Motions are **DENIED**.

*1. To Preclude Evidence, Argument, or Testimony Concerning Prior Criminal History, Arrests, Bad Acts, and Prior Police Encounters of Timothy Davis*

Plaintiff first asks the Court to preclude Defendants from raising evidence of his criminal history, arrests, bad acts, and police encounters, which Plaintiff argues would be barred under Rules 404(b), 609, 402, and 403. (ECF No. 103 at 1–5). The prior bad acts include three incidents allegedly involving violent flight or failure to comply with an arrest, aggravated robbery and kidnapping charges to which Plaintiff pled guilty in 2006, a marijuana ticket in 2006, and assault and disorderly conduct charges that were dismissed in 2007. (*Id*. at 2–4).

3

As an initial matter, the incidents underlying the outstanding warrants that occasioned Plaintiff's arrest at the Livingston Market all are relevant to the Officers' threat assessment. Those incidents, of which the Officers were aware, placed Plaintiff on the Violent Crime Working Group's "wanted list" and informed the Officers' choice of strategy to effect the arrest. As Defendants correctly note, the reasonableness of force must be evaluated objectively in view of the particular facts and circumstances. (ECF No. 110 at 1–2, citing *Graham v. Connor*, 490 U.S. 386 (1989); and *Tennessee v. Garner*, 471 U.S. 1 (1985)). As the Sixth Circuit recently held in *United States v. Emmons*, "evidence of other crimes, wrongs, or acts" is admissible if it "is not used merely to show propensity and if it bears upon a relevant issue in the case." 8 F. 4th 454 (6th Cir. 2021) (internal quotation marks omitted). Relevant issues in this case necessarily include the Officers' knowledge of Plaintiff's prior interactions with law enforcement, which came in part from the warrants. Accordingly, testimony about the warrants and the incidents underlying them is admissible. However, the resolution of those incidents (*i.e.*, the pleas, verdicts, or dismissals) do not bear on knowledge because they occurred subsequent to the arrest. These cannot come in substantively.

Regarding impeachment, the Court determines that most of Plaintiff's criminal history is off-limits under Rules 609 and 403. The guilty pleas involving violent flight or failure to comply very closely resemble the facts of this case and thus carry an extreme risk of prejudice. Their probative value, meanwhile, is low; they bear only upon Plaintiff's propensity to resist arrest. Consequently, these pleas are barred by Rule 403. The marijuana ticket was neither a felony nor a crime involving a dishonest act or false statement, so Rule 609 does not contemplate its admission. The assault and disorderly conduct charges likewise are inadmissible because they were dismissed in 2007 without a conviction. As for the aggravated robbery and kidnapping, to which Plaintiff

4

pled guilty in 2006, the risk of undue prejudice is weaker since it does not involve fleeing or resisting arrest. Consequently, Rule 403 does not compel its exclusion. Moreover, the release from confinement occurred less than ten years ago, so it is not subject to the heightened standard of Rule 609(b). (ECF No. 110-1). Impeachment is permissible on this charge.

To summarize, Plaintiff's Motion is **GRANTED IN PART** and **DENIED IN PART**. Defendants may introduce evidence of the warrants and the incidents underlying them that were known to the Officers when they effectuated the arrest. Defendants may not introduce evidence of any guilty pleas resulting from those warrants, whether for impeachment or otherwise. The only criminal history available for impeachment is the plea to aggravated robbery and kidnapping from 2006. Limiting instructions will be necessary to ensure that the jury considers Plaintiff's criminal history only for the permissible purposes of knowledge and impeachment—not for character or propensity.

2. *To Preclude Expert Report and Trial Testimony of Defendants' Expert Patrick Vehr*

Next, Plaintiff asks the Court to preclude Defendants from presenting the expert testimony of Patrick Vehr pursuant to Rule 702 and *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993). (ECF No. 103 at 6–11). Plaintiff advances the following defects in Vehr's report: (1) Vehr possessed an insufficient foundation for his opinion because he neglected to review the depositions and instead accepted the use-of-force investigations as true (*Id.* at 6–9); (2) Vehr relied on certain studies on "Action vs Reaction" that are inapplicable to Plaintiff's arrest and beyond the scope of Vehr's expertise (*Id.* at 9–10); and (3) Vehr opined on legal issues that are properly decided by the jury (*Id.* at 10).

In response, Defendants first emphasize that Vehr did review "every use of force report, chain of command investigation, Internal Affairs investigation and videos of the Arrest." (ECF

5

No. 110 at 10). Vehr's neglect of the depositions may undercut the weight of his opinion, but it is not rendered "mere guess or speculation" devoid of any "reasonable factual basis." *United States v. L.E. Cooke Co.*, 991 F.2d 336, 342 (6th Cir. 1993) (internal quotation marks omitted). Plaintiff has identified a legitimate ground for cross examination, but not for exclusion.

The "Action vs Reaction" studies are included in Vehr's section on training. Quoting the expert report, Defendants note that "Action vs Reaction" and the related "reactionary gap" principle "weigh heavily on all aspects of defensive tactics training," including "intermediate weapons" short of lethal force. (ECF No. 110 at 11). Because the adequacy of Defendants' taser training is at issue in Plaintiff's *Monell* claims against the City, the content of that training is relevant and applicable. It also is within Vehr's expertise in defensive tactics training.

Lastly, under Rule 704, an expert opinion is "not objectionable just because it embraces an ultimate issue." Fed. R. Evid. 704(a). Vehr's report concludes that the Officers' conduct was "both reasonable under the circumstances and consistent with generally accepted national law enforcement guidelines, training, and best practices." (ECF No. 110 at 11, quoting Vehr Rep.). It does not, however, assert that the force used was or was not excessive. That legal conclusion remains with the jury, as it must. Accordingly, Plaintiff's second Motion is **DENIED**. Vehr may testify regarding the contents and conclusions of his report.

3. *To Bar Inadmissible Opinion Testimony and Evidence (Sergeants Van Dop and Johnson)*

Plaintiff additionally asks the Court to preclude Defendants from offering opinion evidence on the use-of-force investigations conducted by Sergeants Van Dop and Johnson, which exonerated the Officers of all wrongdoing. (ECF No. 103 at 11–13). Plaintiff notes that Sergeants Van Dop and Johnson have not been identified as experts and argues that admitting their findings would circumvent the rules on expert disclosure. (*Id.*).

6

Defendants agree that Sergeants Van Dop and Johnson are not offered as experts but rather will be called to testify about their personal role in the events at issue. (ECF No. 110 at 13–15). Plaintiff's *Monell* claims challenge the adequacy of the City's use-of-force investigations, which places the investigations and their findings directly at issue. There is a meaningful difference between the factual testimony that Sergeants Van Dop and Johnson would offer, which runs to the events at issue, and the expert testimony that Vehr would offer, which opines on the case as a whole from the perspective of an external evaluator. *Cf. Jones v. Pramstaller*, 2013 WL 12249827, at *1 (W.D. Mich. Jan. 14, 2013) (witness who "played a personal role in the unfolding of the events at issue" was not subject to expert disclosure rules when testifying to those events, notwithstanding any specialized knowledge held). Thus, Sergeants Van Dop and Johnson may testify regarding their investigations and conclusions without being transformed from fact witnesses to opinion witnesses.

Also of note, the expert disclosure rules cited by Plaintiff—Federal Rules of Civil Procedure 26(a)(1) and (2)—are intended to ensure that the opposing party has an opportunity to challenge the expert opinion, whether through a deposition, rebuttal expert, or otherwise. *Cf. Musser v. Gentiva Health Servs.*, 356 F.3d 751, 757–58 (7th Cir. 2004). Here, the conclusions expressed in the use-of-force investigations have been known to Plaintiff from the outset of the case, and Plaintiff has prepared a thorough challenge to their legitimacy. A key assertion in Plaintiff's *Monell* claims against the City is that the investigations were perfunctory and wrong. To evaluate this claim fairly, the jury will need to hear full and complete testimony concerning the investigations. Plaintiff's third Motion therefore is **DENIED**.

4. *To Bar Inadmissible Opinion Testimony and Evidence (Awards and Commendations)*

Finally, Plaintiff seeks to preclude evidence of awards or commendations given to the Officers, which Plaintiff argues would contravene the rules on relevance and character evidence.

7

(ECF No. 103 at 13–14). Defendants respond that such evidence would be offered for "the efficacy of Defendant's training program and policies" and as "[p]roof that the Defendant Officers adequately performed their duties and were noticed for their success." (ECF No. 110 at 15).

Insofar as the awards or commendations relate to the proper use of force *and* represent objective or external judgments of efficacy, Defendants might have a legitimate, admissible purpose for the evidence. General awards or commendations, however, would serve only to bolster Defendants' credibility and character and would not bear upon the adequacy of use-of-force training. The same is true of self-adulation given by Defendants unto themselves (*i.e.*, CPD's commendation of an Officer). Because the admissibility of this evidence is context-dependent, the prudent course is to assess questions of admissibility as they arise at trial. Plaintiff's final Motion therefore will be **HELD IN ABEYANCE**.

### B. Defendants' Motions in Limine

Defendants submitted five Motions in Limine (ECF No. 100). For the reasons that follow, Defendants' Motions are **DENIED**.

1. *To Exclude Evidence, Testimony, or Statements on Issues Pertaining to Medical Assistance and Care*

Defendants' first Motion in Limine seeks to exclude evidence of the medical assistance and care given or denied to Plaintiff following his arrest. (ECF No. 100 at 3–4). Defendants note that all claims regarding denial of medical care were dismissed by stipulation (ECF No. 64) and argue that the evidence "is irrelevant, unfairly prejudicial, and confusing to the jury." (ECF No. 100 at 3).

However, evidence regarding medical care is independently relevant to Plaintiff's remaining claims. Plaintiff identified at least two relevant bases in his response. First, the evidence shows the extent of Plaintiff's injuries, which in turn bears upon the level of force used and the

reasonableness thereof. Additionally, the evidence runs to alleged damages, as it is probative of the pain and suffering Plaintiff experienced during the arrest. (ECF No. 112 at 1–3).

Because Plaintiff has identified a legitimate, admissible ground for the medical care evidence, Defendants' first Motion is **DENIED**. To the extent Defendants are concerned about misleading the jury regarding the denial-of-care claim, their remedy lies in careful jury instructions, not in limine.

2. *To Exclude Evidence, Testimony, or Statements on Plaintiff's Dismissed Claims Against Joseph Bogard*

Defendants' second Motion also concerns claims that the parties dismissed by stipulation: those against Officer Joseph Bogard. (ECF No. 100 at 4–5). Officer Bogard was not present during the arrest itself; however, his body camera recorded footage of the immediate aftermath, including his interactions with other arresting Officers and with Plaintiff. Officer Bogard's verbal conduct, captured in this footage, resulted in disciplinary proceedings against him. Defendants argue that any inquiry into Officer Bogard would be "irrelevant, unfairly prejudicial, and confusing to the jury." (ECF No. 100 at 4).

Similar to the medical care analysis above, the evidence to which Defendants object has relevance independent of any claims against Officer Bogard. Plaintiff intends to introduce the footage as evidence of the factual circumstances of the arrest, the physical and psychological injuries Plaintiff sustained, and the customs and culture of CPD and its Violent Crime Working Group. (ECF No. 112 at 3–6). All of these are legitimate bases for the evidence. The body camera footage is relevant for what it depicts, not for whose perspective it captured. On the other hand, the disciplinary proceedings are relevant to Plaintiff's *Monell* claims against the City, including the "ratification" and "custom" theories. Therefore, Defendants' second Motion is **DENIED**.

9

3. *To Exclude Evidence, Testimony, or Statements on Plaintiff's Dismissed Claims Against Frank Lemak*

Defendants' third Motion closely tracks their second, seeking to exclude evidence of the dismissed claims against Officer Frank Lemak. (ECF No. 100 at 5–6). Again, Plaintiff has identified several independent bases for relevance. Officer Lemak's verbal interaction following the arrest prompted Plaintiff to make statements regarding his injuries, which were captured in body camera footage. Moreover, Officer Lemak's alleged role in the disciplinary proceedings offers a concrete example of the systemic defects Plaintiff argues in his *Monell* claim. (ECF No. 112 at 6–8). Plaintiff represents that he will not adduce any evidence related to the "failure to intervene" claim, which Plaintiff brought against Officer Lemak only. (*Id.* at 8). Thus, Defendants' third Motion is **DENIED** for the same reasons as their second.

4. *To Exclude Evidence, Testimony, or Statements on Other Incidents Involving the Defendant Officers*

Defendants' fourth Motion asks the Court to exclude "any other uses of force by the Defendant Officers, or any other lawsuits, complaints, investigations, discipline, or incidents other than the one at issue." (ECF No. 100 at 6). Defendants argue that such evidence would amount to argument by propensity, in violation of Rule 404(b).

While Defendants are correct that such prior incidents cannot be used to suggest that the Officers used excessive force against Plaintiff, they overlook the relevance to Plaintiff's *Monell* claims against the City. As Plaintiff notes in his response, prior incidents are relevant to showing notice, approval, or deliberate indifference under the "ratification" or "custom" theories. (ECF No. 112 at 8–10). Indeed, this Court relied on the disciplinary history of several arresting Officers as part of its reasoning to sustain Plaintiff's *Monell* claims on summary judgment. (ECF No. 91 at 12–13, 19–20).

Defendants' concern about propensity evidence against the Officers should be addressed through jury instructions. Plaintiff has identified non-propensity grounds to introduce the evidence of other use-of-force lawsuits, complaints, investigations, discipline, or incidents. There being a legitimate and admissible basis for the evidence, Defendants' fourth Motion is **DENIED**.

5.  *To Exclude Witnesses and Exhibits Not Timely Disclosed or Exchanged*

Defendants' final Motion seeks to prevent Plaintiff from using witnesses or exhibits not timely exchanged in accordance with the Court's trial order. (ECF No. 100 at 7). This Motion appears solely proactive, as it does not identify any specific untimely witnesses or exhibits that Defendants are anticipating. For his part, Plaintiff agrees that any supplements to the witness or exhibit lists would need to comport with the trial order and the Federal Rules of Evidence. (ECF No. 112 at 10–11). Rather than rule on this hypothetical issue, the Court determines that the more prudent course is to resolve any timeliness objections in the context of specific witnesses or evidence. Accordingly, Defendants' final Motion is **DENIED** at this juncture.

### III. CONCLUSION

For the reasons stated herein, Plaintiff's Motions in Limine (ECF No. 103) are **GRANTED IN PART** as to the first Motion, **HELD IN ABEYANCE** as to the fourth Motion, and **DENIED** as to the remaining Motions. Defendants' Motions in Limine (ECF No. 100) are **DENIED**.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: December 2, 2021**