**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| TIMOTHY DAVIS,<br><br>      Plaintiff,<br><br>v.<br><br>CITY OF COLUMBUS, OHIO et al.,<br><br>      Defendants. | Case No. 2:17-cv-823<br><br>Judge Algenon L. Marbley<br><br>Magistrate Judge Chelsey M. Vascura<br><br>**DEFENDANTS' RULE 54(b) MOTION FOR ENTRY OF FINAL JUDGMENT** |

      Defendants City of Columbus, Matthew Baker, Levon Morefield, Anthony Johnson, Robert Reffitt, Sean Connair, Eric Everhart, Ryan Steele and Alan Bennett (Defendants) jointly and respectfully move this Court, pursuant to Federal Rule of Civil Procedure 54(b), to direct entry of final judgment on its Opinion and Order entered on September 19, 2022, granted in part and denying in part Plaintiff's motion for a new trial. (Doc. 153, PageID 7177-7204). On October 14, 2022, Defendants filed a Notice of Interlocutory Appeal of the Court's Opinion and Order (Doc. 156, PageID 7227-7229)

      Entry of final judgment, and a determination of no just reason for delay under Civil Rule 54(b), for purposes of certifying readiness for appeal as to those portions of the Opinion and Order granting a partial new trial, is warranted and constitutes the most efficient way to proceed.

      For all of the reasons set forth more fully in the attached Memorandum In Support, Defendants respectfully request that the Court grant this Motion and direct final entry on the court order granting a partial new trial along with an express finding in its order that there is no just reason for delay under Civil Rule 54(b).

Respectfully submitted,

/s/ Sheena D. Rosenberg
Sheena D. Rosenberg (0088137)
Andria C. Noble (0086365) – Lead
Alexandra N. Pickerill (0096758)
*Assistant City Attorneys*
CITY OF COLUMBUS, DEPARTMENT OF LAW
ZACH KLEIN, CITY ATTORNEY
77 N. Front Street, Columbus, Ohio 43215
(614) 645-7385 / (614) 645-6949 (fax)
acnoble@columbus.gov
anpickerill@columbus.gov
sdrosenberg@columbus.gov
*Attorneys for Defendants*

# MEMORANDUM IN SUPPORT

## I. INTRODUCTION

On September 19, 2022, this court entered an Opinion and Order granting in part and denying in part Plaintiff's Motion for a new Trial. The Court denied a new trial on the following claims:

- Plaintiff's §1983 excessive force claim against Defendant Morefield for Morefield's uses of force during the initial encounter. Op. and Order(Doc. 153, #7182-7183);
- Plaintiff's §1983 excessive force claim against Defendant Johnson for Johnson's knee strike to Plaintiff's "common peroneal" during the middle stage. *Id*. at 7184.
- Plaintiff's §1983 excessive force claim against Defendant Everhart for Everhart's headlock during the middle stage. *Id*. at 7184-85.
- Plaintiff's §1983 excessive force claim against Defendant Johnson for Johnson's series of four or five strikes to Plaintiff's back during the middle stage. *Id*.
- Plaintiff's §1983 excessive force claim against Defendant Connair for Connair's punch to Plaintiff face with handcuffs in his hand during the middle stage. *Id*. at 7185-86

The Court granted a new trial on the following claims:

- Plaintiff's §1983 excessive force claim against Defendant Bennett for Bennett's use of the TASER during the final stage of Plaintiff's arrest. *Id*. at 7186-93.
- Plaintiff's §1983 excessive force claim against Defendant Baker for Baker's 7-8 knee strikes and punches during the final stage of Plaintiff's arrest. *Id.* at 7187.
- Plaintiff's §1983 excessive force claim against Defendant Steele for Steele's 7 strikes to Plaintiff's left and right shoulders. *Id*.
- Plaintiff's §1983 excessive force claim against Defendant Reffitt for Reffitt's nine kicks to Plaintiff's back, leg, and side. *Id*.
- Any uses of force by defendants during the final stage of Plaintiff arrest. *Id*. at 7193
- Plaintiff's §1983 Monell claim against the City arising out of any uses of force during the final stage of Plaintiff's arrest. *Id*. at 7190-92.

## II. INTERLOCUTORY APPEAL

On October 14, 2022, Defendants Baker, Morefield, Johnson, Reffitt, Connair, Everhart, Steele and Bennett filed a notice of appeal to the United States Court of Appeals for the Sixth Circuit from the District Court's decisions at trial and in its Opinion and Order dated September 19, 2022. Defendants Baker, Morefield, Johnson, Reffitt, Connair, Everhart, Steele, and Bennett

appeal the District Court's decisions at trial and in its Opinion and Order denying them qualified and statutory immunity on Plaintiff's: (a) Fourth Amendment excessive force claims and (b) Ohio state law assault and battery claims. A "district court's denial of a claim of qualified immunity, to the extent it turns on an issue of law", is immediately appealable, *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). The City of Columbus joined this interlocutory appeal on the singular basis that the claims against it must fail if Defendants are entitled to qualified immunity due to the lack of an underlying constitutional deprivation. *See* Id. The Opinion and Order granting in part Plaintiff's motion for a new trial, however is not a final appealable order under 28 U.S.C. § 1291.

### III. FEDERAL RULE 54(B)

Federal Rule of Civil Procedure 54(b) "allows a district court to enter a final judgment 'on one or more claims, or as to one or more parties, in a multi-claim/multi-party action.'" *Pittman ex rel. Sykes v. Franklin*, 282 F. App'x 418, 429–30 (6th Cir. 2008) (quoting Fed. R. Civ. P. 54(b)). "The rule attempts to strike a balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties." *Solomon v. Aetna Life Ins. Co.*, 782 F.2d 58, 60 (6th Cir. 1986).

In determining whether to designate an order a final judgment, the Court is required to consider the following factors:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like."

*Pittman*, 282 F. App'x at 430 (quoting *Corrosioneering, Inc. v. Thyssen Envtl. Sys., Inc.*, 807 F.2d 1279, 1283 (6th Cir. 1986)).

In this case, all factors weigh in favor of designating the court Opinion and Order granting a new trial as a final judgment in this case. In the Opinion and Order, this Court granted a new trial for the uses of force during the final stage of Plaintiff's arrest only. The denials of qualified immunity are directly related to the same uses of force at issue in the new trial. All of the claims in this case depend on the same set of operative facts and qualified immunity analyses. As to the second factor, while the parties are litigating the appeal of the Court's denials of qualified immunity, the Court is unlikely to make any ruling which would moot the need for review of the Opinion and Order. For the third factor, Defendants will appeal this Court's rulings at the close of this case and the Court of Appeals would again consider whether this Court made proper rulings regarding the application of qualified immunity and whether the officers violated Plaintiff's constitutional rights. Fourth, there are no set-offs or counter claims involved in this case. For the miscellaneous factors, finalizing the issues on which the Court granted the new trial would allow the parties to consolidate the appeal to consider each of the uses of force at issue in the new trial, thereby reducing the time that this case will spend on appeal and reducing the costs to both parties.

In *Abdulsalaam v. Franklin County Bd of Comm'r*, this court granted 54(b) judgment where "the same qualified immunity issue on the same factual record would be involved in both appeals the Court finds it would serve judicial economy to grant the requested judgement." No. 06-CV-413, 2009 U.S. Dist. LEXIS 87486*4 (S.D Ohio Aug. 31, 2009). In this case, the qualified immunity issue and the order granting a partial new trial involve the same factual record.

3

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant defendants Rule 54(b) motion for entry of Final Judgment certifying its Opinion and Order granting in part Plaintiff's motion for a new trial as a final judgment. In addition, as required by civil rule 54(b), defendants respectfully request the court make the express finding that there is no just reason for delay in pursuing an appeal of the Court's ruling granting a partial new trial.

Respectfully submitted,

/s/ Sheena D. Rosenberg
Sheena D. Rosenberg (0088137)
Andria C. Noble (0086365) – Lead
Alexandra N. Pickerill (0096758)
*Assistant City Attorneys*
CITY OF COLUMBUS, DEPARTMENT OF LAW
ZACH KLEIN, CITY ATTORNEY
77 N. Front Street, Columbus, Ohio 43215
(614) 645-7385 / (614) 645-6949 (fax)
acnoble@columbus.gov
anpickerill@columbus.gov
sdrosenberg@columbus.gov
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that, on **October 18, 2022**, I electronically filed the foregoing with the Clerk of this Court by using the Court's CM/ECF System.  Copies will be served upon counsel of record by, and may be obtained through, the Court's CM/ECF System.

/s/ Sheena D. Rosenberg
Sheena D. Rosenberg (0088137)
Assistant City Attorney
*Attorney for Defendants*
