**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **TIMOTHY DAVIS,** | : | |
| | : | |
| **Plaintiff,** | : | **Case No. 2:17-cv-0823** |
| | : | |
| **v.** | : | **Chief Judge Algenon L. Marbley** |
| | : | |
| **CITY OF COLUMBUS, OHIO,** *et al.*, | : | **Magistrate Judge Chelsey M. Vascura** |
| | : | |
| **Defendants.** | : | |

**OPINION & ORDER**

This matter is before the Court on Defendants' Rule 54(b) Motion for Entry of Final Judgment. (ECF No. 158). In their motion, Defendants move this Court to direct entry of final judgment on its September 19, 2022 Opinion and Order (ECF No. 153), which granted in part and denied in part Plaintiff's Motion for a New Trial (ECF No. 129). For the following reasons, Defendants' Motion (ECF No. 158) is **DENIED**.

## I.       BACKGROUND

The facts underlying this case are set forth in the Court's Opinion & Order of September 27, 2021 (ECF No. 91). Briefly, this is a civil rights action brought under the Fourth Amendment and 42 U.S.C. § 1983 against the City of Columbus and eight Officers of the Columbus Division of Police ("CPD"). Plaintiff Timothy Davis alleges these Officers used excessive and unconstitutional force in effecting his arrest on outstanding warrants, and that the City is liable for the same. On January 19, 2022, Plaintiff filed his Motion for a New Trial, in which he argued the verdict was against the clear weight of the evidence. (ECF No. 129 at 3–9). As other grounds for relief, Plaintiff also identified prejudicial occurrences relating to racial stereotyping, expert testimony, and juror conduct. (*Id.* at 9–17).

1

In its September 19, 2022 Order ("the Order'), this Court considered Plaintiff's argument that "the jury's verdict was seriously erroneous and against the clear weight of the evidence presented at trial." (ECF No. 129 at 3). In so doing, this Court evaluated Plaintiff's argument by separating his excessive force claim into the three stages of his arrest: the initial encounter, the middle stage, and the final stage (the events occurring after Plaintiff was pinned on the ground, surrounded by Officers). The jury found for the defense on all aspects of the arrest although the evidence showed that Defendants beat and electrocuted Plaintiff, very nearly to death, even though he was unarmed, outnumbered, and generally contained at the end of the arrest. This Court noted that the jury could "conceivably" have justified the initial uses of force while Officers attempted to effectuate the arrest. (*Id.* at 16). Once Plaintiff was pinned to the floor by "at least six Officers . . . weighing approximately 1,200 pounds," however, the force only intensified. (*Id.* at 12–13). Having found that the jury's complete defense verdict was against the clear weight of the evidence adduced at trial, this Court granted Plaintiff a partial new trial to recontest Defendant Officers' uses of force after they had pinned Plaintiff to the ground, as well as municipal liability for the same. (*Id.* at 27–28). As such, the Order granted a new trial only on the use of force in the final stage of the arrest.

On October 14, 2022, this Court set the new trial to commence on Monday, February 13, 2023. (ECF No. 155). On the same day, Defendants filed a Notice of Interlocutory Appeal targeting this Court's denial of qualified and statutory immunity concerning Plaintiff's § 1983 and state law assault and battery claims. (ECF No. 156). Soon thereafter, on October 18, 2022, Defendants filed their Rule 54(b) Motion for Entry of Final Judgment. (ECF No. 158).

## II.     STANDARD OF REVIEW

Under 28 U.S.C. § 1291, federal appellate courts have jurisdiction to hear appeals of "all final decisions" rendered by district courts. A district court's order granting a new trial "is interlocutory in nature and therefore not immediately appealable." *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980). Federal Rule of Civil Procedure 54(b), however, provides the following:

> When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed.R.Civ.P. 54(b).

As such, Rule 54(b) empowers a district court to enter a final judgment releasing the case for immediate appeal before the entry of final judgment as to all matters in dispute. *Corrosioneering, Inc. v. Thyssen Envtl. Sys., Inc.*, 807 F.2d 1279, 1282 (6th Cir. 1986).

### III. LAW AND ANALYSIS

Defendants' Motion argues that entry of final judgment is warranted because this Court's denials of qualified immunity concerning the final stage of Plaintiff's arrest are directly related to the same uses of force at issue in the new trial.

Rule 54(b) certification requires two independent findings: (1) the district court must "direct the entry of final judgment as to one or more but fewer than all the claim or parties," and (2) the district court must "express[ly] determin[e] that there is no just reason" to delay appellate review. *Gen. Acquisition, Inc. v. GenCorp, Inc.*, 23 F.3d 1022, 1026 (6th Cir. 1994). With respect to the second finding, the Sixth Circuit identified a non-exhaustive list of factors that a district court should consider in determining whether to release a case for immediate appeal before the entry of final judgment under Rule 54(b):

> the relationship between the adjudicated and unadjudicated claims; (2) the
> possibility that the need for review might or might not be mooted by future
> developments in the district court; (3) the possibility that the reviewing court
> might be obliged to consider the same issue a second time; (4) the presence or
> absence of a claim or counterclaim which could result in set-off against the
> judgment sought to be made final; (5) miscellaneous factors such as delay,
> economic and solvency considerations, shortening the time of trial, frivolity of
> competing claims, expense, and the like. Depending upon the facts of the
> particular case, all or some of the above factors may bear upon the propriety
> of the trial court's discretion in certifying a judgment as final under Rule
> 54(b).

*Id.* at 1283.

Defendants argue that the balancing of the *Corrosioneering* factors weigh in favor of entry of final judgment. As to the first factor, Defendants contend, all claims in this case depend on the same operative facts and qualified immunity analyses. As to the second factor, Defendants argue that the Court is unlikely to make any ruling mooting the need for review of the Order while the case is on appeal. For the third factor, Defendants assert that they will again appeal this Court's rulings at the close of this case regarding the application of qualified immunity. Fourth, Defendants argue that there are no set-offs or counter claims involved in this case. Defendants also posit that an entry of final judgment would allow the parties to consolidate the appeal to consider each of the uses of force at issue in the new trial, reducing the time that this case spends on appeal and reducing litigation costs.

Plaintiff argues that final judgment cannot be directed on either of the two steps in the Rule 54(b) certification analysis. Plaintiff argues that the first step is not satisfied because no claims have been disposed of against any party; to the contrary, the Order states that the claims must be retried. With respect to the second step, Plaintiff asserts that the *Corrosioneering* factors weigh against granting Defendants' Motion. The first *Corrosioneering* factor is inapplicable, Plaintiff contends, because no claims have been adjudicated. Concerning the second *Corrosioneering* factor, the parties are presently proceeding to trial once more, which Plaintiff argues *would* moot

4

the need for review. On the third *Corrosioneering* factor, Plaintiff argues, Defendants' plan to appeal the same issues again weighs against their Motion. The absence of set-offs or counterclaims involved, Plaintiff reasons, underscores the lack of finality at this stage resulting in the fourth *Corrosioneering* factor counting against the Motion. Finally, Plaintiff argues, Defendants' stated intention to appeal after the new trial on the same issues means that an appeal now is *more* likely to stall litigation and waste judicial resources.

The district court maintains discretion to utilize Rule 54(b) for the purposes of entering an interlocutory order as a final judgment. *Corrosioneering*, 807 F.2d at 1282; *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980) (instructing that "[i]t is left to the sound judicial discretion of the district court to determine the appropriate time when each final decision in a multiple claims action is ready for appeal."). Although this Court finds that the *Corrosioneering* factors indeed weigh *against* Defendants, resolution of this matter can be reached on a simpler basis: this Court exercises its discretion to decline to enter final judgment. The crux of Defendants' argument is that granting Rule 54(b) certification in this case would make for more efficient proceedings. Even if correct, such an unremarkable argument is insufficient to move this Court to enter final judgment pursuant to Rule 54(b)—a discretionary power that is to be used *sparingly*. *Corrosioneering, Inc*, 807 F.2d at 1282 (explaining that "Rule 54(b) is not to be used routinely . . . or as a courtesy or accommodation to counsel . . . [but] should be used only 'in the infrequent harsh case' as an instrument for the improved administration of justice . . . .") (citation omitted). Put plainly, this Court is not convinced that the instant matter is "the infrequent harsh case in which final certification should be granted." *Solomon v. Aetna Life Ins. Co.*, 782 F.2d 58, 62 (6th Cir. 1986). Accordingly, this Court **DENIES** Defendants' Motion.

## IV.    CONCLUSION

For the foregoing reasons, Defendants' Rule 54(b) Motion for Entry of Final Judgment (ECF No. 158) is **DENIED**.

**IT IS SO ORDERED.**


**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**


**DATED:  December 19, 2022**